UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ALEJANDRO HERNANDEZ, ) | CASE NO. 1:13 CV 2669 |
| ) | |
| Plaintiff, ) | JUDGE JOHN R. ADAMS |
| ) | |
| v. ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| M. BODINE, ) | |
| ) | |
| Defendant. ) | |

On December 4, 2013, Alejandro Hernandez, an inmate at the Northeast Ohio Correctional Center ("NEOCC"), filed this *pro se* action against M. Bodine, an employee in the NEOCC business office. Hernandez seeks a "judgment lien" against Bodine, alleging she has improperly removed funds from his prisoner account to pay installments on the assessment order entered by this court in Case No. 4:12 CV 2040. *See, Hernandez v. Pugh*, Case No. 4:12 CV 2040. For the reasons stated below, this action is dismissed.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudette*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro*

*se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

The procedure for deducting installments from plaintiff's account as payment for the filing fee in his previous case is provided by statute. 28 U.S.C. § 1915(b)(1); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). Further, his failure to identify a particular legal theory places an unfair burden on defendant to speculate on the potential claims he may be raising and the defenses which could be asserted in response. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Thus, even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid federal claim. *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, this action is dismissed under section 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: April 17, 2014        */s/ John R. Adams*
                            JOHN R. ADAMS
                            UNITED STATES DISTRICT JUDGE